BURLINGTON & LAMOILLE R. R. CO. *v.* REUBEN BRUSH.

*Judgment of Justice of the Peace Set Aside by Audita Querela. Want of Jurisdiction. Title to Land Concerned.*

1. The judgment of a justice of the peace in an action on the case, where the title to land is concerned, may be set aside on *audita querela.*

2. A justice of the peace has not jurisdiction in an action on the case, when it is averred in the declaration, that the plaintiff has been damaged, both *in his cellar and tenement,* and *in his drugs and medicines* in his said cellar, &c., by reason of the defendant's negligence in constructing its railroad, whereby the water was diverted from its natural channel into said cellar.

AUDITA QUERELA. Heard, April Term, 1885, POWERS, J., presiding.

The court ruled, *pro forma,* that the title to land was not concerned in the suit before the justice of the peace, who rendered the judgment sought to be set aside by this proceeding, and dismissed the writ.

Declaration in the justice suit:

" In a plea of the case, for that the defendant, during the last five years, has been the owner and operator of a certain railroad passing through the town of Cambridge, and that the defendant located and built the same near the plaintiff's tenement; and so carelessly and negligently repaired it, and so carelessly and negligently omitted to make any repairs where needed, that the water has been diverted from its natural surface channel, and so turned as to run into the plaintiff's cellar beneath said tenement in consequence of the said carelessness and negligence of the defendant; and so the plaintiff has been put to great damage and inconvenience; that his tenement is used among other things, as a drug store, and that he keeps valuable drugs and medicines and other valuable property in said cellar, and that

too much water is very damaging to said property, and that he has suffered great damage."

*E. R. Hard* and *J. J. Monahan*, for the plaintiff.

The title to land was concerned. It is alleged, in substance, in the justice suit, that the plaintiff had sustained damage by reason of the defendant's negligence, resulting in a diversion of water into the plaintiff's cellar. 4 Green. Cruise, 342; 1 Wash. R. P. 21.

In *Whitney* v. *Bowen*, 11 Vt. 250, an averment that the defendant erected a fence "so near the *dwelling-house* of the plaintiff that his lights were obstructed," &c., was treated by the court as a sufficient indication that the title of land was concerned in the action.

Under any plea which would have required the plaintiff, in Brush against the railroad company, to prove his declaration, it would have been incumbent upon him, as the first step in his proof of the case made by his declaration, to show some sort of *title to the land* alleged to have been injured; and consequently the justice had no jurisdiction of the action, and his judgment is a nullity. R. L. s. 821; *Jakeway* v. *Barrett*, 33 Vt. 326; *Haven* v. *Needham*, 20 Vt. 183; *Barlow* v. *Burr*, 1 Vt. 488.

The justice's jurisdiction is not aided or affected by the averment in the declaration upon which he rendered the judgment in question, that the plaintiff's tenement "*is used, among other things, as a drug store,*" &c. *Prindle* v. *Cogswell*, 9 Vt. 183; *Chadwick* v. *Batchelder*, 46 Vt. 724. *Audita Querela* is the appropriate remedy. *Glover* v. *Chase*, 27 Vt. 533.

*Gleed*, for the defendant.

The declaration does not state a case involving the title to land. It would not be necessary for the plaintiff to prove any title to the land, to make out his case. If the declaration were denied, he would not be bound to prove title to the cellar. *Jakeway* v. *Barrett*, 38 Vt. 326. If the goods

were rightfully in the cellar and damaged, as averred, the plaintiff has a good cause of action. Every presumption is made in favor of the right of the jurisdiction assumed. The declaration claims no damages for injury to the realty; at least, not necessarily so.

The opinion of the court was delivered by

ROWELL, J. The declaration before the justice went for damage to plaintiff's cellar and tenement as well as to his drugs and medicines. It specially declared for damage to both; and damage to both was properly recoverable thereunder but for the want of jurisdiction, which the justice did not have, as the action was case, and the title to land was concerned.

Judgment reversed, and judgment that the justice's judgment and execution be set aside and held for naught, and that the complainant recover its costs.